UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

-----------------------------------------------------------X

SHELTON HOLT,

                    Plaintiffs,

        - against -

UNITED STATES OF AMERICA,

                    Defendant.

-----------------------------------------------------------X

**<u>MEMORANDUM & ORDER</u>**
13-CV-0469 (RRM) (SMG)

ROSLYNN R. MAUSKOPF, United States District Judge.

       Plaintiff Shelton Holt commenced this action on January 28, 2013. (Compl. (Doc. No. 1).) The complaint alleged claims for false imprisonment, false arrest, negligence, negligent infliction of emotional distress, and intentional infliction of emotional distress under the Federal Tort Claims Act ("FTCA"), 28 U.S.C. § 2671 *et seq.*, and 28 U.S.C. § 1346(b)(1). On November 11, 2013, the United States filed a motion to dismiss the complaint for lack of subject matter jurisdiction pursuant to Federal Rule of Civil Procedure 12(b)(1). For the reasons that follow, the government's motion is granted.

## BACKGROUND[1]

       In early 2008, while on probation for a state felony weapons conviction, Holt was arrested and charged in the Southern District of New York with conspiring to defraud the United States. (*See* Compl. ¶¶ 7–8.) In December 2008, he was sentenced to fifteen months in prison.

---

[1] At this stage, the Court's review is limited to the facts alleged or incorporated by reference in the complaint, documents attached to the complaint, and matters of which the Court may take judicial notice. *See Chambers v. Time Warner, Inc.*, 282 F.3d 147, 153 (2d Cir. 2002); *Diamond v. Local 807 Labor-Mgmt. Pension Fund,* No. 12-CV-5559 (RRM) (VVP), 2014 WL 527898, at *1 n.1 (E.D.N.Y. Feb. 7, 2014). The Court assumes the truth of the facts alleged, and draws all reasonable inferences in Holt's favor. *See Harris v. Mills*, 572 F.3d 66, 71 (2d Cir. 2009). The Court is not, however, "bound to accept as true a[ny] legal conclusion couched as a factual allegation." *Sharkey v. Quarantillo*, 541 F.3d 75, 82–83 (2d Cir. 2008) (quoting *Papasan v. Allain*, 478 U.S. 265, 286 (1986)); *Williams ex rel. United Guardianship Servs. v. Shah*, No. 12-CV-3953 (RRM) (RML), 2014 WL 1311154 at *1 n.1 (E.D.N.Y. Mar. 30, 2014).

(*Id.* ¶ 10.)  Because his federal conviction violated the conditions of his state probation, Holt also received an additional one to three year indeterminate sentence in state criminal court.  (*Id.* at ¶¶ 11–12.)  After reviewing Holt's case, the Commissioner of the New York State Department of Correctional Services fixed Holt's state custody conditional release date as February 10, 2010. (*Id.* ¶ 12.)

On September 21, 2009, Holt alleges he received a letter from a law clerk to the federal judge that had imposed his fifteen-month sentence, which stated that Holt had completed his federal sentence but was required to serve the remainder of his state sentence.  (*Id.* at ¶ 13.)  Holt thus remained in custody.  On February 10, 2010, however, he was not released.  (*Id.* at ¶ 14.) Instead, despite several complaints, Holt was transferred to multiple correctional facilities and held in federal custody until March 25, 2010.  (*Id.* at ¶¶ 14–18.)  Holt was then released from federal custody and transferred into the custody of New York State.  (*Id.* at ¶ 18.)

## DISCUSSION

In order to withstand the government's motion to dismiss, Holt's complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).  Although the complaint need not contain "'detailed factual allegations,'" simple "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."  *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 555).  Rather, the complaint must include "enough facts to state a claim to relief that is plausible on its face," *Twombly*, 550 U.S. at 570, which means "factual content that allows the [C]ourt to draw the reasonable inference that the defendant is liable for the misconduct alleged."  *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 570).

At the outset, it is important to note that this is not the first time that Holt has filed an action alleging these claims. For the reasons explained *infra*, prior proceedings bear directly on the instant motion. The Court therefore provides a brief description of the litigation that preceded this case.[2]

On November 16, 2010, Holt filed suit in the United States District Court for the Southern District of New York, alleging that he had been improperly detained after February 10, 2010. *See Holt v. United States et al.* ("*Holt I*"), No. 10-CV-8639 (LBS), Doc. No. 1 (S.D.N.Y. Nov. 16, 2010). *Holt I* named as defendants the United States of America; the United States Marshals Service; the City of New York; the Town of Newburgh, New York; and the Town of Oriskany, New York. *See id.*, Doc. No. 1. On April 7, 2011, the United States and the Marshals Service moved to dismiss on the grounds that (1) Holt's claims for "malicious abuse of process, harassment, conspiracy, and false arrest" failed because 42 U.S.C. § 1983 does not apply to federal defendants, and (2) Holt had failed to exhaust his administrative remedies as required under 28 U.S.C. § 2675(a) with respect to his claims brought pursuant to the FTCA. *See id.*, Doc. No. 10. On April 20, 2011, the City of New York also moved to dismiss, arguing that Holt had failed to state a claim against the City and failed to provide a notice of claim as required by New York General Municipal Law §§ 50-e and 50-i. *See Holt I*, Doc. No. 18. Rather than oppose the motions, Holt voluntarily dismissed the case against the United States, the Marshals Service, and the City of New York on July 15, 2011.[3] *See id.*, Doc. No. 20.

---

[2] Although the complaint in this case fails to describe these prior proceedings, the Court may take judicial notice of the previously-filed cases. *Cf. Global Network Commc'ns, Inc. v. City of New York*, 458 F.3d 150, 157 (2d Cir. 2006) (quoting *Int'l Star Class Yacht Racing Ass'n v. Tommy Hilfiger U.S.A., Inc.*, 146 F.3d 66, 70 (2d Cir. 1998)) ("A court may take judicial notice of a document filed in another court not for the truth of the matters asserted in the other litigation, but rather to establish the fact of such litigation and related filings.").

[3] The Honorable Leonard B. Sand endorsed Holt's stipulation of voluntary dismissal three days later. *See id.*, Doc. No. 21. On October 25, 2011, Holt voluntarily dismissed the case against the remaining defendants. *See Holt I*, Doc. No. 22. Judge Sand endorsed that stipulation on October 26, 2011. *See id.*

On August 29, 2011, Holt filed an administrative claim with the Department of Justice that was forwarded to the Federal Bureau of Prisons ("BOP") and the Marshals Service.[4] (*See* Silverman Decl., Ex. B (Doc. No. 14-4 at 2–5).) On February 29, 2012, the BOP notified Holt in writing that it had denied his claim, and informed him that he could "bring an action against the United States in an appropriate United States District Court within six (6) months."[5] (*Id.*, Ex. C (Doc. No. 14-4 at 9).) On June 13, 2012, the Marshals Service notified Holt in writing that "[t]he BOP determination on the claim, on behalf of the United Sates, was final and conclusive," and therefore that it "w[ould] take no action" regarding Holt's claim.[6] (*Id.*, Ex. D (Doc. No. 14-4 at 11).)

Holt then filed a second suit in the Southern District of New York on August 17, 2012, alleging false imprisonment, false arrest, negligence, negligent infliction of emotional distress, and intentional infliction of emotional distress under the FTCA. *See Holt v. U.S. Marshals Serv., et al.* ("*Holt II*"), No. 12-CV-6320 (JMF), Doc. No. 1 (S.D.N.Y. Aug. 17, 2012). On November 9, 2012, the Honorable Jesse M. Furman ordered Holt to "show cause in writing why th[e] case should not be transferred to the Eastern District of New York" by submitting a "memorandum of law, not to exceed 15 pages." *Id.*, Doc. No. 12. Rather than submit the briefing ordered by Judge Furman, Holt's counsel filed a letter on November 30, 2012, which stated that "[i]t has come to our attention that an administrative error has been made by our office in the filing of the

---

[4] While Holt's actual letter is dated "August 29, 2010," (*see* Decl. of Matthew Silverman ("Silverman Decl."), Ex. A (Doc. No. 14-4 at 2), this appears to be an error. (*Compare id.* at 5.)

[5] Although Holt both references and relies on this letter in opposing the government's motion to dismiss, (*see, e.g.*, Pl.'s Opp'n (Doc. No. 14-5) at 2), he declined to attach a copy either to his complaint or to his memorandum of law. The government, however, attached the letter to a declaration submitted with its motion papers. (*See* Silverman Decl., Ex. C (Doc. No. 14-4 at 9).) The Court may consider extrinsic documents to which Holt "make[s] a clear, definite and substantial reference." *Diamond*, 2014 WL 527898, at *3 n.5 (quoting *Helprin v. Harcourt, Inc.*, 277 F. Supp. 2d 327, 330–31 (S.D.N.Y. 2003)).

[6] Like the government, Holt cites the letter from the BOP dated February 29, 2012, as the operative notice of final denial of his administrative claim. (*See, e.g.*, Pl.'s Opp'n at 2.)

complaint in the instant matter," and that counsel was "hereby notifying [the court] of [counsel's] intent to withdraw the complaint in the Southern District with leave to resubmit in the proper venue." *Id.*, Doc. No. 13. On December 3, 2012, Judge Furman dismissed the case without prejudice to refiling in the proper district. *Id.*, Doc. No. 4.

Following his voluntary dismissal of *Holt II*, Holt took no action for almost two months. No explanation has been provided for that delay. Finally, on January 28, 2013, Holt commenced the instant action in this Court. (*See* Compl.) By the time this case was filed, however, more than six months had passed since February 29, 2012, the date on which the BOP denied Holt's administrative claim. The United States now moves to dismiss Holt's complaint, arguing that this Court lacks subject matter jurisdiction as a result of his delinquency.

## I.      Statute of Limitations for FTCA Claims

The FTCA explicitly limits the time in which a putative plaintiff can bring an action against the government. Pursuant to 28 U.S.C. § 2401(b), a tort claim against the United States must be presented to the appropriate federal agency within two years of the claim's accrual. If the agency denies the claim, the plaintiff may bring an action in an appropriate federal district court, provided the action is filed within six months of the agency's notice of final denial. *Id.* Here, there is no question that Holt did not file this case within six months of that notice. The BOP denied Holt's administrative claim on February 29, 2012.[7] Pursuant to section 2401(b), his deadline to commence a federal district court action was August 29, 2012. Holt did not file this case until January 28, 2013. As such, this action was clearly filed outside the FTCA's statute of limitations.

---

[7] Notably, even were the Court to consider the subsequent letter sent by the Marshals Service on June 13, 2012, to be the operative notice of final denial, this action was still filed after Holt's six-month window had elapsed.

## II.     Equitable Tolling

Holt argues, however, that the statute of limitations should be equitably tolled and this action should proceed.  "Equitable tolling allows courts to extend the statute of limitations beyond the time of expiration as necessary to avoid inequitable circumstances."  *Johnson v. Nyack Hosp.*, 86 F.3d 8, 12 (2d Cir. 1996) (citing *Bowers v. Transportacion Maritima Mexicana, S.A.*, 901 F.2d 258, 264 (2d Cir. 1990)).  As an initial matter, the Second Circuit has yet to decide whether equitable tolling is available for FTCA claims.  *See, e.g.*, *Goldblatt v. Nat'l Credit Union Admin.*, 502 F. App'x 53, 55 n.2 (2d Cir. 2012); *Gov't Employees Ins. Co. v. United States*, No. 13-CV-4063 (JFB) (WDW), 2014 WL 582164, at * 1 (E.D.N.Y. Feb. 14, 2014).  This Court need not answer that question here.  Even assuming *arguendo* that the FTCA's statute of limitations is subject to equitable tolling, Holt has failed to demonstrate that it is appropriate in this case.

"Generally, a litigant seeking equitable tolling bears the burden of establishing two elements: (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way."  *A.Q.C. ex rel. Castillo v. United States*, 656 F.3d 135, 144 (2d Cir. 2011) (quoting *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005)).  In addition, "the general rule is that statutes of limitations are not tolled by bringing an action that is later voluntarily dismissed."  *Reape v. New York Daily News*, No. 86-CV-3129 (CPS), 1996 WL 118552, at *2 (E.D.N.Y. Feb. 26, 1996), *aff'd*, 112 F.3d 505 (2d Cir. 1996) (citing *M.W. Zack Metal Co. v. Int'l Nav. Corp. of Monrovia*, 675 F.2d 525, 528–29 (2d Cir. 1982), *cert. denied* 459 U.S. 1037).  Holt has failed to establish either element necessary to invoke equitable tolling.

## A. Diligence

First, Holt insists that he acted diligently because *Holt II* – the second action filed in the Southern District – was filed within six months of the BOP's final determination, and because he refiled promptly in this Court following its dismissal by Judge Furman. To the extent that there was a delay between the dismissal of the *Holt II* and the filing of this case, Holt insists that he refiled "within a manner of weeks," and argues that he is entitled to "a reasonable amount of time to 'traverse court-imposed administrative hurdles and file a new federal claim.'" (*See* Pl.'s Opp'n at 4) (quoting *Johnson*, 86 F.3d at 11).) The Court disagrees.

The claims in this case were not diligently pursued. Since the BOP's final denial of his administrative claim, Holt has (1) repeatedly named improper parties to suit; (2) twice filed an action in the incorrect venue; (3) waited, without explanation, to file *Holt II* until twelve days before the statute of limitations expired; (4) voluntarily dismissed *Holt II* rather than seeking transfer to the correct district; and (5) inexplicably waited almost two months to refile in this Court. While *Holt II* was timely filed, "the mere filing of a suit by [a plaintiff] within the limitations period d[oes] not forever toll [the] statute of limitations." *M.W. Zack Metal Co.*, 675 F.2d at 529; *see also McGregor v. United States*, 933 F.2d 156 (2d Cir. 1991) (rejecting the argument that a timely-filed FTCA suit tolled the running of the limitations clock for the filing of a successive suit). And contrary to Holt's misleading attempt to characterize his delay in refiling as "a manner of weeks," the period of time in question actually spanned a lengthy eight weeks. That is a significant delay for which Holt has offered no explanation.[8] The delay is especially puzzling given that the short complaint filed in this action is identical to that previously filed in *Holt II*.

---

[8] In contrast, the court in *McGregor* affirmed the dismissal of an action as barred by the statute of limitations even though it was filed on the same day that a prior suit was dismissed. *See* 933 F.2d at 159.

Holt nonetheless argues that he is entitled to equitable tolling under the case of *Johnson v. Nyack Hospital*, which held that "to ensure that unfair prejudice does not result from a deferring court's without-prejudice dismissal, courts have protected a plaintiff's rights with the doctrine of equitable tolling," by "provid[ing] a plaintiff with 'just so much extra time as he needs, despite all due diligence on his part,' to traverse court-imposed administrative hurdles and file a new federal claim." 86 F.3d at 11 (quoting *Heck v. Humphrey*, 997 F.2d 355, 357–58 (7th Cir. 1993) (emphasis omitted), *aff'd on other grounds*, 512 U.S. 477 (1994)). But Holt completely misreads *Johnson*.

First, the "administrative hurdles" referenced in that case were the agency procedures to which a plaintiff is referred when a court dismisses an action under the doctrine of primary jurisdiction, not the traditional ministerial steps an attorney takes to file a lawsuit.[9] *See Johnson*, 86 F.3d at 11. Here, Holt overcame any such administrative obstacles when he timely filed *Holt II* in the Southern District after the dismissal of *Holt I*. *Johnson* thus has little, if anything, to say about the delay in this case. Moreover, *Johnson* does not dispense with the requirement that a plaintiff diligently pursue his claims. *See id.* That simply did not occur here and, as such, Holt is not entitled to equitable tolling of the statute of limitations.

**B.    Extraordinary Circumstance**

As indicated above, Holt was not diligent in pursuing the claims in this case. Equitable tolling is also inappropriate, however, because Holt has failed to identify any "extraordinary circumstance [that] stood in his way." *See Castillo*, 656 F.3d at 144. Instead, Holt argues that he need not demonstrate any extraordinary circumstance merely because *Holt II* was dismissed without prejudice. Again Holt relies heavily on *Johnson*, and again that case does not stand for

---

[9] In any event, Holt has also failed to cite any "court-imposed administrative hurdles" that could conceivably have prevented him from timely refiling this case.

the principle he advocates. *Johnson* did not dispense with the requirement that a plaintiff establish an extraordinary circumstance sufficient to toll the applicable statute of limitations. *See* 86 F.3d at 12 (citing *Miller v. International Tel. & Tel. Corp.*, 755 F.2d 20, 24 (2d Cir. 1985), and noting that equitable tolling has been applied "'as a matter of fairness' where a plaintiff has been 'prevented in some extraordinary way from exercising his rights'"). Holt's failure to point to *any* reason – let alone an extraordinary circumstance – that prevented him from timely filing this action also renders equitable tolling inappropriate.

## C.  Prejudice

Despite failing to demonstrate diligence or an extraordinary circumstance warranting equitable tolling of the FTCA's statute of limitations, Holt nevertheless insists that tolling is appropriate because his late refiling did not prejudice the government.[10] That proposition is plainly contrary to law. "Equitable tolling will not apply unless a plaintiff has acted diligently to protect his rights," and "while an absence of prejudice to [a] defendant is to be considered, it does not constitute an independent basis upon which to equitably toll" the statute of limitations. *Richards v. N. Shore Long Island*, No. 10-CV-4544 (LDW), 2011 WL 6102055, at *4 (E.D.N.Y. Dec. 6, 2011) (citing *Baldwin Cnty. Welcome Ctr. v. Brown*, 466 U.S. 147, 151–52 (1984)); *see also Yesh Diamonds, Inc. v. Yashaya*, No. 09-CV-2016 (DLI) (RER), 2010 WL 3851993, at *3 (E.D.N.Y. Sept. 27, 2010) (same). Because Holt has not alleged an adequate independent basis, a lack of prejudice to the government is insufficient to justify equitable tolling. Moreover, "[t]he mere fact that [a] defendant[] had notice of the potential claim does not erase the prejudice [it] suffer[s] through loss of witnesses . . . and the dimming of memories through passage of time,"

---

[10] At a pre-motion conference held on September 12, 2013, counsel for Holt initially suggested that he had indicated to the government attorney assigned to *Holt II* that he would be refiling in this Court. Counsel later admitted, however, that he never discussed the transfer with the government and that the only notice provided to the government was that afforded by the actual filing and service of the new complaint.

*Reape*, 1996 WL 118552, at *3, not to mention the time and resources expended to defend numerous successive actions.

"It is fundamental that a lawyer investigating a possible claim on behalf of a client needs to investigate not only whether a potential claim exists in the abstract, but also who would be the appropriate parties to sue, and what, if any, restrictions on the time and forum for bringing such a claim might exist." *Castillo*, 656 F.3d at 145. It is telling that no reason has been offered for the eight-week delay that contravened the statute of limitations in this case. Based on the lack of diligence in pursuing these claims and the absence of any explanation for the significant delay, equitable tolling is inappropriate.

## CONCLUSION

For the foregoing reasons, the government's motion to dismiss is granted. The Clerk of Court is directed to enter judgment accordingly, and to close this case.

SO ORDERED.

Dated: Brooklyn, New York
      September 30, 2014

*Roslynn R. Mauskopf*
_____
ROSLYNN R. MAUSKOPF
United States District Judge